FIRST DEPARTMENT, NOVEMBER, 1922.

ANTON R. W. KARLSON, Appellant, *v.* EVERETT W. FRAZAR and RICHARD F. WARNER, Copartners, etc., Respondents.

*Sales — action for breach of contract to sell and deliver quantity of powdered magnesium — evidence shows that parties entered into valid contract — error to dismiss complaint on theory that minds of parties never met.*

Appeal by the plaintiff from a judgment of the Supreme Court, entered in the New York county clerk's office March 24, 1921, dismissing the plaintiff's complaint, pursuant to an order made at the New York Special Term and entered in said clerk's office March 2, 1921, granting the defendants' motion for judgment on the pleadings.

MERRELL, J.: The action is to recover damages alleged to have been suffered by plaintiff by reason of the alleged breach by defendants of a contract for the sale and delivery of ten tons of powdered magnesium of ninety-nine and one-half per cent purity, and which commodity the plaintiff alleges the defendants contracted to sell and deliver to the plaintiff at the city and State of New York at the agreed price of three dollars per pound, said sum to include cost, freight and insurance to Bergen, Norway, delivery to be made, one ton in April, 1915, and the balance of nine tons during the months of May, June and July in the same year. The ground upon which the order for the judgment of dismissal was granted, as stated in the opinion of the learned justice presiding at said Special Term, was that the minds of the parties never met on all of the essential elements of the contract, for the alleged breach of which by defendants the plaintiff was seeking to recover damages, and that, therefore, the parties never entered into any valid or enforcible contract. A careful examination of the voluminous correspondence and communications which passed between the parties relating to the purchase and delivery of the magnesium powder, both by cable and by letter, convinces us that the minds of the parties did fully meet, and that they understandingly entered into a valid contract for the purchase and sale of the ten tons of magnesium powder in question. After a perusal of the many letters and cablegrams which passed between the parties no doubt remains in our minds but what there was a complete meeting of the minds of the parties resulting in the contract sued upon. As to whether defendants will be relieved of their obligations under such contract and from responding in damages for the breach thereof, is a question that can only be determined upon the trial of the action, where defendants may offer proof of claimed contingencies beyond their control, excusing performance of their contract with plaintiff. The judgment of dismissal and order appealed from should be reversed, with costs, and defendants' motion for judgment on the pleadings denied, with ten dollars costs to the appellant. Clarke, P. J., Smith, Greenbaum and Finch, JJ., concur.

Judgment and order reversed, with costs to the appellant, and defendants' motion denied, with ten dollars costs.